IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUG HADSELL,

                    Plaintiff,

     v.

BRIDGET SICKON et al.,

                    Defendants.

Civil No. 08-1101-MO

OPINION & ORDER

**MOSMAN, J.,**

      Doug Hadsell brought suit against a wide variety of defendants under 42 U.S.C. § 1983 alleging violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments, he also contends that defendants violated the Commerce Clause and the Supremacy Clause and are liable under 18 U.S.C. §§ 241 and 242.

      The matters now before the court are: (1) Trans Union, LLC's Motion to Dismiss (#58), (2) Pacific Screening, Inc.'s Motion to Dismiss (#66), and (3) Experian, Inc.'s Motion to Dismiss or in the Alternative Motion for Security of Costs (#70). For the reasons explained below, I GRANT all three motions to dismiss with prejudice.

PAGE 1 - OPINION & ORDER

## BACKGROUND

Mr. Hadsell filed suit on September 19, 2008, against a variety of state and local government offices and officials. He filed a First Amended Complaint on September 22, 2008. On November 20, 2008, he filed a Second Amended Complaint, adding defendants Pacific Screening, Inc., Trans Union, LLC,[1] Equifax, Inc., and Experian, Inc. (Second Am. Compl. (#7) 6.) All summons' were returned as executed by November 25, 2008.

This court issued a Discovery and Pretrial Scheduling Order ("Scheduling Order") on December 4, 2008, setting discovery to be completed and dispositive motions to be filed by April 3, 2009. (Scheduling Order (#28) 4.) The Scheduling Order further required the parties to "confer as required by Fed. R. Civ. P. 26(f) within thirty (30) days after all Defendants have been served." (*Id.* at 3.)

Both the City and State defendants filed Motions to Dismiss in December 2008. Mr. Hadsell did not respond to either motion to dismiss. On February 19, 2009, this court granted City Defendants' Motion to Dismiss in Part (#35) and State Defendants' Motion to Dismiss (#38). As a result, defendants Portland Police Bureau, the State of Oregon, the Oregon State Police, the Governor, and Governor Kitzhaber, were dismissed from the case. (Order of Dismissal (#64).)

Mr. Hadsell has indicated that he is available only by mail. (Mot. to Strike (#60) 2.) Counsel for defendant Trans Union, LLC, has attempted to contact Mr. Hadsell by mail on three occasions to discuss discovery. (Mem. in Supp. of Mot. to Dismiss (#59) Exs. A, B, C.) Counsel for Pacific Screening, Inc., also sent a letter to Mr. Hadsell requesting a meeting to discuss the case. (Aman Decl. (#68) Ex. 1.) Mr. Hadsell has not responded to these letters or

---

[1] Which Mr. Hadsell identified as TransUnion, Inc. (Second Am. Compl. (#7) 6.)

attempted to contact counsel for Trans Union, Pacific Screening, or Experian. (*See* Mem. in Supp. of Mot. to Dismiss (#59) 4; Aman Decl. (#68) 2; Mem. in Supp. of Mot. to Dismiss or for Security Costs (#71) 3.)

## DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for dismissal of a case when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The deadline for discovery is in two days and Mr. Hadsell has not contacted any defendant to coordinate discovery, in clear violation of this court's Scheduling Order. Mr. Hadsell's only response to the motions to dismiss at issue was an Answer to Order to Show Cause (#72), filed on March 13, 2008. The Answer reiterated the issues discussed in the Complaint and indicated that Mr. Hadsell would be submitting evidence and memoranda the following week. To date, nothing has been filed with this court.

The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). However, a district court may dismiss an action when a *pro se* plaintiff has refused to communicate with defendants and failed to comply with the Local Rules, the Federal Rules of Civil Procedure, and the court's orders. *See Holub v. Comm'r*, 2003 WL 23200012, *1 (D. Or. Nov. 13, 2003). Here, despite ample time and opportunity to communicate with defendants and respond to the motions to dismiss, Mr. Hadsell has failed to do either in any meaningful way.

//
//
//

## CONCLUSION

Based on the foregoing, I GRANT Trans Union, LLC's Motion to Dismiss (#58), Pacific Screening, Inc.'s Motion to Dismiss (#66), and Experian, Inc.'s Motion to Dismiss (#70) with prejudice. Experian, Inc's Alternative Motion for Security Costs (#70) is therefore MOOT. IT IS SO ORDERED.

Dated this  1st  day of April, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge