IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUG HADSELL,

      Plaintiff,

  v.

BRIDGET SICKON et al.,

      Defendants.

Civil No. 08-1101-MO

OPINION & ORDER

**MOSMAN, J.,**

 Doug Hadsell brought suit against a wide variety of defendants under 42 U.S.C. § 1983 alleging violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments, he also contends that defendants violated the Commerce Clause and the Supremacy Clause and are liable under 18 U.S.C. §§ 241 and 242.

 The matter now before the court is Brett Parry's Motion to Dismiss for Insufficient Service of Process (#77). For the reasons explained below, I GRANT this motion to dismiss with prejudice.

## BACKGROUND

 Mr. Hadsell filed suit on September 19, 2008, against a variety of state and local government offices and officials. He filed a First Amended Complaint on September 22, 2008. On November 20, 2008, he filed a Second Amended Complaint.

PAGE 1 - OPINION & ORDER

Mr. Hadsell lists Brett Parry, a United States Customs and Border Protection agent, as a defendant in his Second Amended Complaint. Mr. Parry is "sued in his personal and in his official capacity," under *Bivens v. Six Unknown Unnamed Narcotics Officers*, 403 U.S. 388 (1971), for actions occurring in connection with his official duties at Portland International Airport. (Second Am. Compl. (#7) ¶¶ 27, 70.)

Mr. Parry filed the Motion to Dismiss for Insufficient Service of Process (#77) on March 19, 2009. Mr. Hadsell did not respond to the Motion to Dismiss or to this court's related April 6, 2009, Order to Show Cause (#99).

## DISCUSSION

The Complaint (#2) was filed in this case on September 19, 2008, and Amended on September 22 (#4) and November 20 (#7); therefore, Mr. Hadsell had until March 20, 2009, to serve defendants with a summons and copy of the Second Amended Complaint. Fed. R. Civ. P. 4(m) (giving plaintiffs 120 days to serve defendants).

Service on an officer or employee of the United States, "sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf" is dictated by Federal Rule of Civil Procedure ("Rule") 4(i)(3). That rule requires that a plaintiff serve the United States [under Rule 4(i)(1)] and also serve the officer or employee under Rule 4(e), (f), or (g). Fed. R. Civ. P. 4(i)(3). Rule 4(e) states that a party may be served as provided by state law or by a method listed in Rule 4(e)(2). *Id.* at 4(e). In Oregon, service by mail is accomplished by mailing copies of the summons and complaint by first class mail and by certified, registered, or express mail. Or. R. Civ. P. 7(D)(2)(d)(i). Service is complete when the defendant signs a receipt for the certified, registered, or express mailing. *Id.* at 7(D)(3)(a)(i).

PAGE 2 - OPINION & ORDER

There are two problems with the service upon Mr. Parry in this case. First, Mr. Hadsell did not properly serve Mr. Parry. The record indicates that Mr. Parry was served by U.S. mail. (Summons Returned Executed (#23).) However, the record does not indicate what method of U.S. mail was used for service or contain any signed receipts for certified, registered, or express mail, as required by Oregon law. Second, Mr. Hadsell has failed to serve the United States by any method set out in Rule 4(i)(1). In fact, the record does not indicate that Mr. Hadsell has attempted to serve the United States at all.

Rule 12(b)(5) provides that a court may dismiss an action for insufficient service of process. The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). However, a district court may dismiss an action when a *pro se* plaintiff has refused to communicate with defendants and failed to comply with the Local Rules, the Federal Rules of Civil Procedure, and the court's orders. *See Holub v. Comm'r*, 2003 WL 23200012, *1 (D. Or. Nov. 13, 2003). Here, despite ample time and opportunity to serve Mr. Parry, Mr. Hadsell has failed to do so.

## CONCLUSION

Based on the foregoing, I GRANT Brett Parry's Motion to Dismiss for Insufficient Service of Process (#77).

IT IS SO ORDERED.

Dated this __5th__ day of May, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge