IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUG HADSELL,

                Plaintiff,

      v.

BRIDGET SICKON et al.,

                Defendants.

Civil No. 08-1101-MO

OPINION & ORDER

**MOSMAN, J.,**

    Doug Hadsell brought suit against a wide variety of defendants under 42 U.S.C. § 1983 alleging violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments. He also contends that defendants violated the Commerce Clause and the Supremacy Clause, and are liable under 18 U.S.C. §§ 241 and 242.

    The matter now before the court is the City Defendants' Motion for Summary Judgment (#85). For the reasons explained below, I GRANT this motion for summary judgment.

## BACKGROUND

    The City Defendants include the City of Portland, Portland Police Bureau ("PPB") Officers Curtis Pak, Justin Thurman,[1] and Bridget Sickon. Mr. Hadsell was convicted of a sex

---

[1] Mr. Hadsell identifies the second officer as L. Rivera in the Second Amended Complaint (#7), however, the badge number listed by Mr. Hadsell, #48255, is the certification number issued by the Oregon Department of Public Safety Standards and Training to Officer Justin Thurman. (Summ. J. Mem. (#86) 2 n.1.) Officer Thurman accompanied Officer Pak when plaintiff was arrested on December 4, 2007. (Thurman Aff. (#90) ¶¶ 2-4.)

PAGE 1 - OPINION & ORDER

crime in Oregon on March 3, 1992. (Concise Statement of Material Fact ("CSMF") (#87) Ex. 1.) This conviction requires him to register as a sex offender in Oregon. Officer Sickon is assigned to the PPB Sex Offender Registration Unit, as the Sex Offender Registration Coordinator. (Sickon Aff. (#88) ¶ 2.) On or about December 4, 2007, Officer Sickon received information from the National Crime Information Center ("NCIC") that Mr. Hadsell had failed to timely register as a convicted sex offender, that he was considered predatory, and that he was in the Portland area. (*Id.* ¶ 4.) Officer Sickon looked up Mr. Hadsell on the Oregon State Police Law Enforcement Sex Offender website, confirmed that he had filed to timely register for the current period, and found that his most current listed address was the Portland Rescue Mission. (*Id.*) She then charged Mr. Hadsell with misdemeanor failure to register pursuant to Oregon Revised Statutes ("ORS") § 181.599(2). (*Id.* ¶ 5.) Officer Sickon also created and disseminated a Detective Bulletin indicating that there was probable cause to arrest Mr. Hadsell for failure to register. (*Id.* ¶ 7.) While she was preparing the bulletin, the Portland Rescue Mission called, advising her that Mr. Hadsell was currently at the Mission. (*Id.*)

Officer Sickon then called PPB Central Precinct and explained to the Sergeant on duty, Kyle Nice, that Mr. Hadsell was currently at the Portland Rescue Mission and asked that an officer be sent there to arrest Mr. Hadsell. (*Id.* ¶ 8.) Sergeant Nice contacted Officer Pak and assigned him to arrest Mr. Hadsell at the Portland Rescue Mission for failure to timely register as a sex offender. (Pak Aff. (#89) ¶ 2.) Officer Pak was acting as a coach for Officer Thurman, who was still in his probationary period as a PPB Officer, and the two officers went together to arrest Mr. Hadsell. (*Id.* ¶ 4; Thurman Aff. (#90) ¶ 2.) Officers Pak and Thurman arrived at the Mission at approximately 9:00 p.m. and were escorted inside by a staff person. (Pak Aff. (#89) ¶

PAGE 2 - OPINION & ORDER

5.) Mr. Hadsell appeared to be asleep, Officer Pak woke him up, told him he was under arrest, and asked Officer Thurman to handcuff him. (*Id.*) Mr. Hadsell states that he asked Officers Pak and Thurman to secure what he refers to as his "evidence," his passport, from his shirt pocket placed next to the bed so that it would not be stolen, and that the officers refused. (Second Am. Compl. (#7) ¶ 75.) Officer Pak indicates that Mr. Hadsell asked about his belongings when they were outside and that the Mission staff person told the officers that the Mission would secure Mr. Hadsell's belongings. (Pak Aff. (#89) ¶ 6.) Officer Thurman does not recall a conversation about Mr. Hadsell's belongings. (Thurman Aff. (#90) ¶¶ 6-7.) It is undisputed that the officers did not retrieve and secure Mr. Hadsell's passport at that time.

On December 5, 2007, Officer Sickon interviewed Mr. Hadsell at the Multnomah County Detention Center. (Sickon Aff. (#88) ¶ 9.) She informed him that she was the PPB Sex Offender Registration Coordinator, advised him of his *Miranda* rights, and discussed with him his living arrangements and the requirements of registration within ten days of becoming homeless. (*Id.*) The next day, December 6, 2007, Mr. Hadsell met with Officer Sickon at her office to complete his sex offender registration. (*Id.* ¶ 10.) Officer Sickon asked Mr. Hadsell to sign three copies of the same form, to which she added his personal information, in his presence. (*Id.*) She then placed the documents in a printer (described as a photocopier by Mr. Hadsell) and added the Notice of Obligation to Register as Sex Offender information to the back of each of the three forms. (*Id.*; *see also* Second Am. Compl. (#7) ¶ 59.) Officer Sickon gave one of the forms to Mr. Hadsell, placed one in her own files, and provided the third to the Oregon State Police Sex Offender Registration Unit. (Sickon Aff. (#88) ¶ 10; Second Am. Compl. (#7) ¶ 59.) Mr. Hadsell appears to have signed both sides of the document. (Sickon Aff. (#88) Ex. G.)

Based on the above incidents, Mr. Hadsell brought the following claims against the City Defendants: (1) the First Cause of Action, which is construed as alleging a Fourth Amendment violation by Officer Sickon, brought under § 1983, for unlawfully charging Mr. Hadsell with failing to register; (2) the Second Cause of Action, which alleges that Officer Sickon illegally altered a document signed by Mr. Hadsell; (3) the Seventh Cause of Action, which is construed as alleging a Fourth Amendment violation by Officers Pak and Thurman, brought under § 1983, for arresting Mr. Hadsell without a warrant; and (4) the Eighth Cause of Action, which alleges that Officers Pak and Thurman improperly failed to secure Mr. Hadsell's passport and other belongings upon his arrest at the Portland Rescue Mission. The Seventeenth Cause of Action was also brought against Officer Sickon. (Second Am. Compl. (#7) ¶ 91.) That cause of action was dismissed by this court on February 19, 2009 (#62).

The City Defendants filed the Motion for Summary Judgment (#85) on April 1, 2009. Mr. Hadsell did not respond to the Motion for Summary Judgment or to this court's related April 17, 2009, Order to Show Cause (#114). As discussed below, Mr. Hadsell has failed to demonstrate that there is a genuine issue of material fact regarding the existence of the above violations by the City Defendants, therefore I grant the Motion for Summary Judgment (#85).

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the record in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). If the

PAGE 4 - OPINION & ORDER

movant initially shows that no genuine issue of fact exists for trial, the non-moving party cannot then rest on the pleadings but must respond with evidence setting out "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party has the "burden of advertising [sic] to 'specific facts showing that there is a genuine issue for trial.' . . . It is not the district court's job to sift through the record to find admissible evidence in support of a non-moving party's case." *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). If the factual context surrounding a claim makes it implausible, the party making the claim "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Id.* A district court may grant an unopposed motion for summary judgment if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill*, 983 F.2d 943, 949-50 (9th Cir. 1993).

## DISCUSSION

### I.     First Cause of Action

In the First Cause of Action, Mr. Hadsell claims that Officer Sickon "sought and obtained an arrest warrant and a District Attorneys' Information, unlawfully and unconstitutionally charging plaintiff with failing to register, under color of authority of state law . . . without any colorable claim of in personam and/or in rem jurisdiction, thus violating plaintiff's constitutional and civil rights." (Second Am. Compl. (#7) ¶ 45.) He further states that Officer Sickon

unlawfully and unconstitutionally permits sex offender registration only once a week. (*Id.* ¶ 46.) After being turned away on three occasions by the PPB receptionists when he attempted to register, Mr. Hadsell contends that PPB waived any claim of in personam and/or in rem jurisdiction over him. (*Id.*)

Sex offender registration is currently available on Wednesdays from 7:00 a.m. to 3:00 p.m. and by appointment. (Sickon Aff. (#88) ¶ 3.) Mr. Hadsell does not state what statute or constitutional provision this schedule violates and the court knows of no such statute or constitutional provision. There is no legal basis for the argument that the PPB lost jurisdiction over Mr. Hadsell when he was unable to register outside of the appointed times.

The City of Portland construes this cause of action as a claim that Officer Sickon violated Mr. Hadsell's Fourth Amendment right to be free from unreasonable seizure by causing Mr. Hadsell to be arrested without probable cause. The Fourth Amendment requires that a warrantless arrest be based on objective probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004) (citations omitted). "Probable cause exists where the facts and circumstances within their [the officers'] knowledge and of which [the officers] had reasonable trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed [by the person to be arrested]." *Dunaway v. New York*, 442 U.S. 200, 208 n.9 (1979) (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76 (1949) (internal citations omitted)).

Because "[e]ffective and efficient law enforcement requires cooperation and division of labor . . . law enforcement officers are generally entitled to rely on information obtained from fellow law enforcement officers." *Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir. 2005) (citing

PAGE 6 - OPINION & ORDER

*Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560, 568 (1971); *United States v. Bernard*, 623 F.2d 551, 560-61 (9th Cir. 1980)). "[U]nder the 'collective knowledge doctrine,' probable cause may be based on 'the collective knowledge of all the officers involved in the investigation and all of the reasonable inferences that may be drawn therefrom.'" *Id.* (quoting *United States v. Jensen*, 425 F.3d 698, 705 (9th Cir. 2005)).

Officer Sickon had probable cause to believe that Mr. Hadsell had violated ORS 181.599(2) by failing to register as a sex offender within ten days of his birthday. On December 4, 2007, Officer Sickon received information from NCIC by either teletype, email, or a telephone call from the Oregon State Police ("OSP") that Mr. Hadsell had failed to timely register as a sex offender, was predatory, and was in the Portland area. (Sickon Aff. (#88) ¶ 4.) She was entitled to rely on this information. *See Motley*, 432 F.3d at 1081. Officer Sickon then checked the OSP Law Enforcement Sex Offender website and confirmed that Mr. Hadsell had failed to register. (Sickon Aff. (#88) ¶ 4.) After receiving information on Mr. Hadsell from an employee of the OSP Sex Offender Registration Unit Officer Sickon looked up Mr. Hadsell in the Law Enforcement Data System ("LEDS") to confirm that he was considered predatory. (*Id.* ¶ 7.) Officer Sickon had probable cause to have Mr. Hadsell arrested because this information was reasonably trustworthy and would cause a reasonable person to believe that Mr. Hadsell had committed the crime of failing to register as a sex offender. There is no genuine issue of material fact regarding whether or not Officer Sickon violated Mr. Hadsell's Fourth Amendment rights, therefore summary judgment is granted to the City Defendants on the First Cause of Action.

//

//

PAGE 7 - OPINION & ORDER

## II.     The Second Cause of Action

In the Second Cause of Action, Mr. Hadsell contends that Officer Sickon illegally altered a document he had signed, after it was signed. (Second Am. Compl. (#7) ¶ 59.) He further contends that presenting an altered document in court constitutes perjury. (*Id.*) It is unclear whether he is attempting to allege that Officer Sickon used the allegedly altered form in court. Mr. Hadsell does not have standing to bring a suit against Officer Sickon for violation of state or federal law; private citizens lack a judicially cognizable interest in the criminal prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). To the extent that this cause of action alleges that the alteration of the document violated Mr. Hadsell's rights, I continue my analysis.

Mr. Hadsell and Officer Sickon appear to agree on the conduct occurring at the December 6, 2007, meeting. Officer Sickon asked Mr. Hadsell to sign three copies of the same form, to which she added his personal information, in his presence. (Sickon Aff. (#88) ¶ 10.) She then placed the documents in a printer (described as a photocopier by Mr. Hadsell) and added the Notice of Obligation to Register as Sex Offender information to the back of each of the three forms. (*Id.*; *see also* Second Am. Compl. (#7) ¶ 59.) Officer Sickon gave one of the forms to Mr. Hadsell, placed one in her own files, and provided the third to the Oregon State Police Sex Offender Registration Unit. (Sickon Aff. (#88) ¶ 10; Second Am. Compl. (#7) ¶ 59.) It is undisputed that Mr. Hadsell signed both sides of the form. (Sickon Aff. (#88) Ex. G.)

Nothing described here constitutes illegal activity, particularly considering the fact that Mr. Hadsell signed both sides of the form. The notice added to the back of the registration form does not constitute false evidence or perjury; it is a statement of the law regarding sex offender

registration. (*See id.*)  Further, there is no allegation that Mr. Hadsell was injured in any way by the addition of this notice.  I therefore grant summary judgment to the City Defendants on the Second Cause of Action.

### III.     The Seventh Cause of Action

In the Seventh Cause of Action Mr. Hadsell contends that Officers Pak and Thurman violated his right to be free from warrantless arrests when they arrested him on December 4, 2007, without a warrant.  (Second Am. Compl. (#7) ¶ 74.)  There is no right to be free of warrantless arrests.  The Fourth Amendment allows arrest upon probable cause, even when no warrant has been obtained.  *Devenpeck*, 543 U.S. at 152 (citations omitted).  As discussed above, Officers Sickon, Pak, and Thurman had probable cause to arrest Mr. Hadsell; therefore I grant summary judgment to the City Defendants on this cause of action.

### IV.     The Eighth Cause of Action

The Eighth Cause of Action alleges that Officers Pak and Thurman violated Mr. Hadsell's rights by failing to secure his passport and other belongings upon his arrest at the Portland Rescue Mission, causing them to be stolen.  (Second Am. Compl. (#7) ¶ 75.)  However, a copy of Mr. Hadsell's passport, with stamps from his recent trip to the Philippines, was entered into evidence at his trial for failure to register on December 14, 2007.  (CSMF (#86) Exs. 2-3.)

Mr. Hadsell has cited no law requiring the police to secure his belongings upon his arrest and the court is aware of none.  In fact, the Ninth Circuit has stated in dicta that the police "may have . . . no duty to secure [an arrestee's] belongings."  *United States v. Scott*, 665 F.2d 874, 877 (1981) (stating that police inventory of items in car was reasonable when the car was left unsecured after an arrest, although police may not have had a duty to secure the arrestee's

PAGE 9 - OPINION & ORDER

belongings).  Furthermore, Mr. Hadsell was not harmed by the officers' conduct because he was able to use his passport to prove that he had been out of the country between his birthday and his arrest in court.  (CSMF (#86) Ex. 2.)  Because the actions taken by Officers Pak and Thurman did not violate the law and did not cause harm to Mr. Hadsell, I grant summary judgment to the City Defendants on this cause of action.

### V.  Liability of the City of Portland

Mr. Hadsell makes no direct allegations against the City of Portland.  The theory of respondeat superior is not a basis for recovery against a municipality under § 1983.  *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992).  Employing a tortfeasor is insufficient for liability under § 1983; rather, to be liable a municipality must have a policy or custom that caused the plaintiff's injury.  *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *Canton v. Harris*, 489 U.S. 378, 389 (1989)).  Mr. Hadsell has not alleged any City of Portland policy or custom caused him harm.  Therefore, there is no genuine issue of material fact regarding the City's liability in this case.

### CONCLUSION

Based on the foregoing, I GRANT the City Defendants' Motion for Summary Judgment (#85).

IT IS SO ORDERED.

Dated this  11th  day of May, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge