IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUG HADSELL,

                Plaintiff,

    v.

BRIDGET SICKON et al.,

               Defendants.

Civil No. 08-1101-MO

OPINION & ORDER

**MOSMAN, J.,**

    Doug Hadsell brought suit against a wide variety of defendants under 42 U.S.C. § 1983 alleging violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments. He also contends that defendants violated the Commerce Clause and the Supremacy Clause, and are liable under 18 U.S.C. §§ 241 and 242.

    The matter now before the court is Multnomah County's Motion for Summary Judgment (#92). For the reasons explained below, I GRANT this motion for summary judgment.

**BACKGROUND**

PAGE 1 - OPINION & ORDER

Mr. Hadsell made allegations against Multnomah County, the Multnomah County Jail, John Doe Multnomah County Jail Booking Officer, and John Doe Multnomah County Jail Property Officer.[1]  (Second Am. Compl. (#7) ¶¶ 15, 16, 20, 21.)  The county's motion is brought on behalf of all of these related Multnomah County parties.[2]  Mr. Hadsell brought the following claims against these parties: (1) the Tenth Cause of Action, which alleges that the County violated Mr. Hadsell's civil rights by requiring him to "phone the prosecution twice each week at his own expense;" and (2) the Twelfth Cause of Action, which alleges that every county in Oregon is illegally using selective profiling and gender discrimination in the hiring and/or assigning of sex offender registrars and sex offender parole officers by hiring menopausal women, which results in extra judicial punishment in violation of the United Nations Human Rights Treaty.  (Second Am. Compl. (#7) ¶¶ 82, 85.)

Multnomah County filed the Motion for Summary Judgment (#92) on April 3, 2009.  Mr. Hadsell did not respond to the Motion for Summary Judgment or to this court's related April 27, 2009, Order to Show Cause (#116).

//

## STANDARD OF REVIEW

---

[1] Mr. Hadsell also listed Officer J. Harding, who Mr. Hadsell believes to be a Multnomah County Sheriff's Deputy.  (Second Am. Compl. (#7) ¶ 17.)  J. Harding is not employed by Multnomah County.  (Ott Decl. (#95) ¶ 4.)  He has been previously dismissed from this case.  (Op. & Order (#118).)

[2] Multnomah County suggests that the jail and the booking and property officers should be dismissed and the county should replace them under the Oregon Tort Claims Act ("OTCA"), which provides that a public body is liable for the actions and torts of its officers, employees, and agents. Or. Rev. Stat. § 30.265(1). However, the Oregon Supreme Court has stated that even with the OTCA in effect, a county cannot be held liable on a theory of respondeat superior on claims raised under § 1983. *Rogers v. Saylor*, 760 P.2d 232, 243 (Or. 1988).  Therefore, I decline to dismiss the jail and the booking officers on this basis.

PAGE 2 - OPINION & ORDER

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the record in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). If the movant initially shows that no genuine issue of fact exists for trial, the non-moving party cannot then rest on the pleadings but must respond with evidence setting out "specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party has the "burden of advertising [sic] to 'specific facts showing that there is a genuine issue for trial.' . . . It is not the district court's job to sift through the record to find admissible evidence in support of a non-moving party's case." *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). If the factual context surrounding a claim makes it implausible, the party making the claim "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Id.* A district court may grant an unopposed motion for summary judgment if the movant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill*, 983 F.2d 943, 949-50 (9th Cir. 1993).

//

**DISCUSSION**

I.      **Multnomah County Jail and John Doe Officers**

Mr. Hadsell listed Multnomah County Jail, John Doe Multnomah County Jail Booking Officer and John Doe Multnomah County Jail Property Officer, as defendants in this case but failed to bring any claims against them. These parties are therefore dismissed.

II.     **Multnomah County**

   A.    *Tenth Cause of Action*

In this claim Mr. Hadsell alleges that "[t]he prosecution . . . Multnomah County" violated his rights by requiring him to phone the prosecution twice each week at his own expense. (Second Am. Compl. (#7) ¶ 82.) This claim must fail because such an action does not violate any of Mr. Hadsell's constitutional rights.

Furthermore, Mr. Hadsell has not alleged that this claim arose due to a Multnomah County policy or custom. The theory of respondeat superior is not a basis for recovery against a municipality under § 1983. *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992). Employing a tortfeasor is insufficient for liability under § 1983; rather, to be liable a municipality must have a policy or custom that caused the plaintiff's injury. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). The actions of a prosecutor requiring Mr. Hadsell to call twice a week are therefore not attributed to the County unless Mr. Hadsell demonstrates that the requirement was based on a County policy or custom. He has not alleged such a policy, therefore this claim is dismissed.

### B. *Twelfth Cause of Action*

In this claim Mr. Hadsell alleges that the County is using selective profiling and gender discrimination in the hiring and/or assigning of sex offender registrars and sex offender parole officers by hiring menopausal women, which results in extrajudicial punishment in violation of the United Nations Human Rights Treaty. (Second Am. Compl. (#7) ¶ 85.) This cause of action must fail because Multnomah County is not the party responsible for registering sex offenders and was not responsible for Mr. Hadsell's parole supervision. (Kinsey Decl. (#96) ¶¶ 4-5.) The Twelfth Cause of Action is therefore dismissed.

## CONCLUSION

Based on the foregoing, I GRANT Multnomah County's Motion for Summary Judgment (#92).

IT IS SO ORDERED.

DATED this  25   day of May, 2009.

                                             /s/ Michael W Mosman  
                                             MICHAEL W. MOSMAN  
                                             United States District Judge