IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUG HADSELL,

                Plaintiff,

    v.

BRIDGET SICKON et al.,

               Defendants.

Civil No. 08-1101-MO

OPINION & ORDER

**MOSMAN, J.,**

Doug Hadsell brought suit against a wide variety of defendants under 42 U.S.C. § 1983 alleging violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments. He also contends that defendants violated the Commerce Clause and the Supremacy Clause, and are liable under 18 U.S.C. §§ 241 and 242.

The matter now before the court is the Metropolitan Public Defenders' Motion for Judgment on the Pleadings and Alternative Motion for Summary Judgment (#101). For the reasons explained below, I GRANT the motion for judgment on the pleadings.

## BACKGROUND

Metropolitan Public Defenders files this motion on its own behalf and on behalf of Rachel Bredfeldt, Shannon O'Malley, Noah A. F. Horst, and Colleen Marion (collectively "Metropolitan Public Defenders"). No facts are alleged regarding these defendants outside of the Ninth Cause of Action.

PAGE 1 - OPINION & ORDER

In his Ninth Cause of Action Mr. Hadsell makes the following allegations about the Metropolitan Public Defenders: (1) that Ms. Bredfeldt, her assistant Ms. O'Malley, Mr. Horst, and his assistant Ms. Marion, acted as agents of the prosecution by intentionally resolving other defendants' cases before Mr. Hadsell's, thereby causing him to stay at the courthouse longer than necessary in an attempt to wear him down to obtain a guilty plea; (2) that Ms. Bredfeldt acted as an agent of the prosecution by failing to assist Mr. Hadsell in his efforts to research the legislative intent of particular state statutes at the state archives building; and (3) that Ms. Bredfeldt acted as an agent of the prosecution by failing to provide Mr. Hadsell with all discovery materials. (Second Am. Compl. (#7) ¶¶ 76-81.)

Metropolitan Public Defenders filed the Motion for Judgment on the Pleadings and Alternative Motion for Summary Judgment (#101) on April 9, 2009. Mr. Hadsell did not respond to the motion or to this court's related April 27, 2009, Order to Show Cause (#116).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)). The factual allegations of the non-moving party must be accepted as true. *Id.* (citing *Doleman*, 727 F.2d at 1482). When Rule 12(c) is used to raise the defense of failure to state a claim, a court may grant the motion "only if it is clear that no relief

could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  In considering a motion for judgment on the pleadings the court may not rely on evidence outside the pleadings.  *Hal Roach Studios*, 896 F.2d at 1550 (citations omitted).  If outside evidence is considered the motion should be treated as a motion for summary judgment.  *Id.* (citations omitted).

## DISCUSSION

Even taking all allegations in the complaint as true, Mr. Hadsell fails to state a claim upon which relief may be granted as to the Metropolitan Public Defenders.  Mr. Hadsell has not alleged that any harm befell him as a result of the actions taken by his public defenders.  He does not make clear what theory of recovery might apply to this cause of action; however, under any possible theory of recovery Mr. Hadsell would be required to allege and prove causation and injury.  Mr. Hadsell's Second Amended Complaint (#7) fails on its face to allege causation and injury.  Therefore, judgment on the pleading is appropriate.

## CONCLUSION

Based on the foregoing, I GRANT Metropolitan Public Defenders' Motion for Judgment on the Pleadings (#101).

IT IS SO ORDERED.

DATED this  25th    day of May, 2009.

                                              /s/ Michael W Mosman
                                             MICHAEL W. MOSMAN
                                             United States District Judge